UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM BERKSON, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>GOGO LLC and GOGO INC.,<br><br>                    Defendants. | **Case No. 1:14-cv-01199-LBW-LW** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION**

I.      INTRODUCTION

Plaintiff Adam Berkson ("Named Plaintiff") by his counsel, respectfully submit this Memorandum of Law in support of his Motion for Class Certification pursuant to Rule 23(a), and (b)(3) of the Federal Rules of Civil Procedure. Plaintiff seeks certification of a nationwide class of consumers who have been damaged by deceptive labeling and marketing of in-flight Internet service from Defendant Gogo LLC and Gogo Inc. (collectively "Defendant" or "Gogo").

Federal courts have repeatedly recognized that claims such as those asserted by Plaintiff here challenging deceptive business practices and false advertising are appropriate for class action treatment under Rule 23 of the Federal Rules of Civil Procedure.[1] The central issue in this action brought by Plaintiff is whether Defendants' representation of recurring charges for their in-flight Internet service is deceptive to a reasonable consumer. The answer to this question is the same for all Class members. The representation is either deceptive or it is not, and since deception is determined by an objective, reasonable consumer standard, common evidence will establish this fact. Thus, this action easily meet the requirements for class certification under Rule 23.

II.     THE COMMON FACTS UNDERLYING PLAINTIFFS' CLAIMS[2]

Defendants misleads consumers about charges for its Gogo Internet service, leading consumers to believe it is a one-time charge, when, in fact, Defendants repeatedly charge the consumers' credit cards (as they did with Plaintiff Berkson) without their permission.[3] As a result, consumers were charged for a service they did not want, use or authorize.[4]

---

[1] *Jermyn v. Best Buy Stores, L.P.*, 256 F.R.D. 418 (S.D.N.Y. 2009); *Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29 (E.D.N.Y. 2008).
[2] All paragraph references are to the Complaint, unless otherwise indicated.
[3] ¶ 25
[4] ¶ 26

1

When Plaintiff and other Class members purchased Defendants' Gogo internet service, they relied upon the representations on Gogo's registration website regarding the price for the service.[5] Defendants' representations omitted reference to the recurring nature of the charges.[6] For this reason, these repeated charges went undetected for months, or even years, particularly given the obscure manner in which Defendant's website displays account information.[7] Because Gogo's customers may get charged indefinitely for their services, and because Gogo does not offer full refunds to those who notice the fraudulent billing in time, the injury is substantial.[8]

### III.     THE PROPOSED CLASSES

As set forth in the relevant complaints, Plaintiff seeks certification of the following classes:

> **The Nationwide Class*:* All consumers in the United States who purchased Gogo's Internet service at any time between February 25, 2008 to December 31, 2012 and were charged for more than one month of service. Excluded from the Nationwide Class are officers and directors of Defendants, members of the immediate families of the officers and directors of Defendants, and their legal representatives, heirs, successors or assigns and any entity in which they have or have had a controlling interest.

Plaintiff also seeks certification of the following New York sub-class:

**The New York Class**:  All New York residents who purchased Gogo's Internet Service at any time between February 25, 2008 to December 31, 2012 or persons who purchased Gogo's in-flight service on a flight departing from any airport located within the state of New York during the period February 25, 2008 to December 31, 2012 and were charged for more than one month of service. Excluded from the New York Class are officers and directors of Defendants, members of the immediate families of the officers and directors of Defendants, and their legal representatives, heirs, successors or assigns and any entity in which they have or have had a controlling interest.

---

[5] ¶ 21
[6] *Id.*
[7] *Id.*
[8] *Id.*

## IV. ARGUMENT

### A. General Legal Standards Governing Class Certification

The Supreme Court has recognized that "[c]lass actions serve an important function in our system of civil justice."[9] To maintain a suit as a class action under Rule 23, Plaintiff must allege facts establishing each of the following four threshold requirements of subsection (a):

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.[10]

Plaintiff seeking monetary relief must also satisfy the prerequisite of subsection (b)(3) of Rule 23 by demonstrating that questions of law or fact common to the members of the proposed class "predominate over any questions affecting only individual members," and that a class resolution is "superior to other available methods for the fair and efficient adjudication of the controversy."[11]

A plaintiff bears the initial burden of advancing reasons why a putative class action meets Rule 23 requirements.[12] Once a plaintiff has made a preliminary legal showing that the requirements of Rule 23 have been met, the burden of proof is upon the defendant to demonstrate otherwise.[13]

---

[9] *Gulf Oil Co. v. Barnard*, 452 U.S. 89, 99 (1981).

[10] Fed. R. Civ. P. 23(a)(1)-(4).

[11] Fed. R. Civ. P. 23(b)(3); *see e.g.*, *Amchen Prods, Inc. v. Windsor*, 521 U.S. 591, 615 (1997); *Brown v. Kelly*, 609 F.3d 467, 476 (2d Cir. 2010).

[12] Fed. R. Civ. P. 23.

[13] *See Myers v. Hertz Corp.*, 624 F.3d. 537 (2d Cir. 2010); *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202-03 (2d Cir. 2008).

In determining whether to maintain an action as a class action, courts do not conduct an exploration of the merits regarding aspects of the claims unrelated to a Rule 23 requirement.[14] Moreover, because a court decides whether certification of a class is appropriate at the pleading stage of the action, the court accepts substantive allegations in the complaint as true for purposes of the class motion.[15]

**B.  The Proposed Classes Satisfy the Requirements of Rule 23(a)**

**1.  The Classes are so numerous that joinder of all members is impracticable.**

Rule 23(a)(1) requires that the class be so numerous that joinder of all members is "impracticable."[16]  "Impracticability means difficulty or inconvenience of joinder [not] . . . impossibility of joinder."[17]  Courts conduct a case-by-case analysis of the facts and determine practicability "based upon all circumstances surrounding the case."[18]  Relevant factors in this analysis include "judicial economy arising from the avoidance of a multiplicity of actions, financial resources of class members, [and] the ability of claimants to institute individual suits."[19]  Plaintiff need not show evidence of exact class size or identity of class members in order to satisfy Rule 23's numerosity requirement.[20]

---

[14] *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011); *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 177-78 (1974); *In re Initial Public Offerings Secs. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006).

[15] *See Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 177 (1974).

[16] Fed. R. Civ. P. 23(a); *In re Vitamin C Antitrust Litig.*, 279 F.R.D. 90 (E.D.N.Y. 2012); *United States v. City of New York*, 276 F.R.D. 22 (E.D.N.Y. 2011); *Brown v. Kelly*, 609 F.3d 467 (2d Cir. 2010).

[17] *Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29, 36 (E.D.N.Y. 2008) (citing *In re Blech Sec. Litig.*, 187 F.R.D. 97, 103 (S.D.N.Y. 1999)); *Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993); *Goldstein v. North Jersey Trust Co.*, 39 F.R.D. 363, 367 (S.D.N.Y. 1966) (finding that impracticable does not mean "incapable of being performed" or "infeasible.").

[18] *In re Vitamin C Antitrust Litig.*, 279 F.R.D. 90 (E.D.N.Y. 2012) (citing *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 330 (1980)).

[19] *Pub. Employees' Ret. Sys. of Mississippi v. Merril Lynch & Co., Inc.*, 277 F.R.D. 97 (S.D.N.Y. 2011).

Within the Second Circuit, courts presume joinder of all putative class members to be impracticable if the class has more than forty members.[21] Moreover, "Plaintiffs need not establish the precise number of potential class members since courts are empowered to make common sense assumptions to support a finding of numerosity."[22]

Numerosity is indisputable here. The proposed Classes consist of thousands of individuals. Thus, the numerosity requirement is clearly satisfied.

### 2. There are questions of law and fact common to the Classes.

Rule 23(a)(2) requires that the proposed Classes share a common question of law or fact, and will be satisfied by a single common issue of law.[23] There is a common issue of law if plaintiff "identify some unifying thread among the members' claims . . . ,"[24] and a common issue of law may exist even though there is "some factual variation among class members' specific grievances."[25] Moreover, "Rule 23(a)(2) requires only that questions of law or fact be shared by the prospective class. It does not require that *all* questions of law or fact raised be common."[26] To determine whether Rule 23(a)(2) is met, courts consider "(1) whether the class members' claims 'will in fact depend on the answers to common questions,' and (2) whether classwide

---

[20] *Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993); *see also* Herbert B. Newberg, *Newberg on Class Actions: A Manual for Group Litigation at Federal and State Levels* § 3.12, at n. 8 (5th ed. 2012).

[21] *In re Vitamin C Antitrust Litig.*, 279 F.R.D. 90, 99 (E.D.N.Y. 2012); *Ramos v. SimplexGrinnell LP*, 796 F. Supp. 2d 346, 353 (E.D.N.Y. 2011); *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).

[22] *Nicholson v. Williams*, 205 F.R.D. 92, 98 (E.D.N.Y. 2001).

[23] *Wal-Mart* at 2556 ("[F]or purposes of Rule 23(a)(2) even a single common question will do.").

[24] *Monaco v. Stone*, 187 F.R.D. 50, 61 (E.D.N.Y. 1999).

[25] *In re Playmobil Antitrust Litig.*, 35 F. Supp. 2d 231, 240 (E.D.N.Y. 1998).

[26] *Ramos v. SimplexGrinnell LP*, 796 F. Supp. 2d 346 (E.D.N.Y. 2d Cir. 2011).

5

proceedings have the capacity to 'generate common answers apt to drive the resolution of the litigation.'"[27]

Here, Plaintiff's allegations present not a unifying common question: whether Defendants omitted and/or misrepresented material facts in connection with the marketing, advertising, labeling and sale of Gogo internet service. This is subject to an objective standard – i.e. the reasonable consumer standard.

Accordingly, Plaintiff has satisfied the commonality requirement here.

### 3. The claims of the Named Plaintiff are typical of the claims of the Classes.

Rule 23(a)(3) requires that the claims of the class representatives be "typical of the claims . . . of the class."[28] In order to meet this typicality requirement, a plaintiff must show that "the representative plaintiff's claims are based on the same legal theory and arise from the same practice or course of conduct as the other class members."[29] Typicality is met when "the named plaintiff's claim and the class claims are so inter-related that the interests of the class members will be fairly and adequately protected in their absence."[30] It is enough that "the other members of the class have the same or similar claims, the action is not based on conduct special or unique to the named plaintiff, and the class members have been aggrieved by the same course of conduct. The fact that there may be slight variations in how defendants treated different

---

[27] *United States v. City of New York*, 276 F.R.D. 22 (E.D.N.Y. 2011); *see also In re Nassau County Strip Search Cases*, 461 F.3d 219, 227 (2d Cir. 2006) ("[A]n issue is common to the class when it is susceptible to generalized, class-wide proof.").

[28] Fed. R. Civ. P. 23(a)(3).

[29] *Cortigiano v. Oceanview Manor Home For Adults*, 227 F.R.D. 194 (E.D.N.Y. 2005) (finding that a named plaintiff's claim is "typical" where "each class member's claims arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability.").

[30] *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147 (1982); *Marisol A. v. Giuliani*, 126 F.3d 372 (2d Cir. 1997).

6

plaintiffs (or putative class members) does not render the claims atypical."[31] The Second Circuit has held that "[w]hen it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims."[32] In short, "[t]hat all members of the class would benefit from the named plaintiffs' action demonstrates that the typicality requirement is met."[33]

In this case, Plaintiff alleges a common pattern of wrongdoing – Defendant's deceptive marketing of their in-flight Internet service – and will present the same evidence (based on the same legal theory) to support both his claims and the claims of the members of the Classes. Accordingly, Rule 23(a)(3) is satisfied.

### 4. The Plaintiff and his counsel will fairly and adequately represent the Classes.

Rule 23(a)(4) requires that the class representative "fairly and adequately protect the interests of the class."[34] Adequate representation depends on two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class."[35] This case easily meets both prerequisites of adequacy of representation.

First, Plaintiff has retained counsel highly experienced in class action litigation to prosecute his claims and those of the Class. Second, there is nothing to suggest that the Plaintiff

---

[31] *Cortigiano v. Oceanview Manor Home For Adults*, 227 F.R.D. 194 (E.D.N.Y. 2005).

[32] *Dupler v*, 249 F.R.D. at 29.

[33] *Cortigiano*, 227 F.R.D. at 194.

[34] Fed. R. Civ. P. 23(a)(4).

[35] Fed. R. Civ. P. 23(a)(4). Notably, however, in order to defeat a motion for certification, the conflict "must be fundamental." *In re Flag Telecom Holdings, Ltd. Securities Litig.*, 574 F.3d 29 (2d Cir. 2009).

7

has any interest antagonistic to the vigorous pursuit of the Classes' claims against Defendants. To the contrary, each class member's claims arise under the same legal theory, each class member was harmed in the same way, and each class member seeks the same recovery as the representative Plaintiff, so the Plaintiff's interests align perfectly with the interests of absent class members. Accordingly, Plaintiff adequately represents the interests of the Class.

**C.     Common questions of law and fact predominate over individual questions**

Rule 23(b)(3)'s predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation,"[36] and "encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."[37] In determining whether the class is a "sufficiently cohesive" unit, all factual or legal issues that are common to the class inform the court's analysis.[38] An issue that is common to the class is one that is susceptible to generalized, class-wide proof.[39] This standard is easily met here as the billing scheme at issue was the same for all class members and is to be examined by the same objective standard – *i.e.* was it misleading to the reasonable consumer.

**D.     A Class Action Is Superior to Any Other Means of Resolving Plaintiffs' Claims**

In addition to predominance of common questions, Rule 23(b)(3) requires that "a class action [be] superior to other available methods for fairly and efficiently adjudicating the

---

[36] *United States v. City of New York*, 276 F.R.D. 22 (E.D.N.Y. 2011).

[37] Fed. R. Civ. P. 23(b)(3).

[38] *Amchen Prods., Inc. v. Windsor*, 521 U.S. 591, 621 (1997).

[39] *United States v. City of New York*, 276 F.R.D. 22 (E.D.N.Y. 2011).

controversy."[40] Significantly, "the predominance analysis . . . has a tremendous impact on the superiority analysis . . . for the simple reason that, the more common questions predominate over individual issues, the more desirable a class action lawsuit will be as a vehicle for adjudicating the plaintiffs' claims."[41] Thus, "where a court has already made a finding that common issues predominate over individualized issues, [a court is] hard pressed to conclude that a class action is less manageable than individual actions."[42] And, as is demonstrated above, common issues overwhelmingly predominate here. With Classes consisting of, at the very least, thousands of consumers, the notion of having each consumer separately prove the existence of Defendants' deceptive conduct is absurd and weighs heavily in favor of a finding of superiority.

---

[40] Fed. R. Civ. P. 23(b)(3).

[41] *Klay v. Humana, Inc.*, 382 F.3d 1241, 1269 (11th Cir. 2004).

[42] *Id.* at 1273.

9

## V.    CONCLUSION

For all of the preceding reasons, Plaintiffs' respectfully ask the Court to (1) certify the Classes as defined above; (2) appoint the Named Plaintiff as the Class Representative; and, (3) appoint Reese Richman LLP as Class Counsel.

Dated:  February 25, 2014
New York, New York

Respectfully submitted,

**REESE RICHMAN LLP**

*/s/ Michael R. Reese*
Michael R. Reese
Carl S.M. Hum
875 Avenue of the Americas, 18th Floor
New York, New York  10001
Telephone:  (212) 643-0500
Facsimile:   (212) 253-4272
Email:  mreese@reeserichman.com
            chum@reeserichman.com

10