

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 05 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM BERKSON, *individually and on behalf of all others similarly situated*, KERRY WELSH, *individually and on behalf of all others similarly situated*, and KATHY LePENSKE, *individually and on behalf of all others similarly situated*,<br><br>                Plaintiffs,<br><br>  – against –<br><br>GOGO LLC, and GOGO INC.,<br><br>                Defendants. | **FINAL JUDGMENT GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT**<br><br>14-CV-1199 |

**JACK B. WEINSTEIN, Senior United States District Judge:**

The Court has (1) reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement (Settlement Agreement & Release, ECF No. 104-1); (2) reviewed and considered the application of Class Counsel for final approval of the Settlement, for final certification of the Class and final appointment of the class representatives and Class Counsel, and for an award of attorneys' fees, costs, expenses, and class-representative service awards (Pls.' Notice Mot. & Unopposed Mot. Final Approval Settlement & Award Att'ys' Fees & Litigation Expenses & Service Awards, ECF No. 111); (3) held preliminary and final Fairness Hearings after being satisfied that notice to the Class has been provided in accordance with the Court's Memorandum and Orders granting preliminary approval of the Settlement (Mem. & Orders, Dec. 4, 2015, ECF No. 109); (4) taken into account the presentations and other proceedings at the Fairness Hearings; and (5) considered the Settlement in the context of all prior proceedings in this Action.

The Court enters the following FINDINGS and CONCLUSIONS:



1

A.  Capitalized terms that this Final Judgment uses and that this Final Judgment does not otherwise define shall have the meaning that the Settlement Agreement assigns them.

B.  The Court has subject-matter jurisdiction over this Action and all acts within this Action, and personal jurisdiction over all Parties to this Action, including all members of both the Initial Class and the Supplemental Class.

C.  The Court's conditional certification for Settlement purposes in the Preliminary Approval Order of both the Initial Class and the Supplemental Class was, and is, appropriate. Adam Berkson, Kerry Welsh, and Kathy LePenske (collectively, the "Class Representatives") and Class Counsel have fairly and adequately represented both the Initial Class and the Supplemental Class for purposes of entering into and implementing the Settlement.

D.  The notice to putative Class Members was comprised of individual emailed notice to all Class Members. The Court finds this notice: (i) constituted the best notice practicable under the circumstances; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Class Members of the pendency of the Action and of their right to object and to appear at the Fairness Hearing or to exclude themselves from the Settlement; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.

E.  The Court has held a preliminary Fairness Hearing and a final Fairness Hearing to consider the fairness, reasonableness, and adequacy of the Settlement and has been advised that there have been no objections to the Settlement. No one has appeared in opposition to the Settlement.

F.  The Settlement is the product of good faith, arm's-length negotiations between the

Class Representatives and Class Counsel, on the one hand, and Gogo and Gogo's Counsel, on the other hand, assisted by an experienced, professional impartial mediator – the Honorable Arthur J. Boylan (Ret.).

G.   The Settlement shall include a requirement that the administrator carrying out notice and other execution requirements attempt to set up a market for the "promo codes" enabling recipients to convert them to a cash equivalent. Such a market may supplement existing online marketplaces such as E-Bay and Craigslist by providing a forum where promo code recipients will be able to exchange their codes for cash without finding a third-party purchaser.

H.   The Settlement, as provided for in the Settlement Agreement and with the above addition in Paragraph G, is fair, reasonable, adequate, and proper. In reaching this conclusion, the Court considered the following nine factors set out in *City of Detroit v. Grinnell Corp.*: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Charron v. Wiener*, 731 F.3d 241, 247 (2d Cir. 2013) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000)). The Court also considered a tenth factor, (10) the social utility of the Settlement.

I.   In the Declaration of Richard Simmons and Exhibit C thereto, which Plaintiffs filed in advance of the Fairness Hearing, Plaintiffs submitted to the Court a list of the putative

3

Class Members who have timely elected to opt out of the Settlement and the Class and whom, as a result, the Settlement does not bind (the "Exclusion List"). Decl. of Richard Simmons, Mar. 18, 2016, ECF No. 111-6, at ¶ 13 and Ex. C. In accordance with the Court's permanent certification set forth below, all Class Members who did not timely elect to opt out shall permanently be subject to all provisions of the Settlement, the Settlement Agreement, and this Final Order and Judgment, which the Clerk of the Court shall enter.

J.   The requested payment of the Parties' agreed-upon amount of $750,000 for attorneys' fees and reimbursement of litigation expenses is reasonable and warrants approval. In reaching this conclusion, the Court considered the following factors the United States Court of Appeals for the Second Circuit set out in *Goldberger v. Integrated Resources, Inc.*: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Goldberger*, 209 F.3d at 50.

K.   The requested service awards to the Class Representatives of $5,000 each, which the Parties agreed upon in the Settlement Agreement, are not reasonable and do not warrant approval. They are reduced to the reasonable amount of $2,500 each.

On the basis of the foregoing findings and conclusions, as well as the submissions and proceedings referred to above, NOW, THEREFORE, THE COURT ORDERS, ADJUDGES, AND DECREES:

1.   The Court approves the Settlement and the Settlement Agreement as fair, reasonable, and adequate, and the Court holds that the requirements of due process and Federal Rule of Civil Procedure 23 have been satisfied. The Court orders and directs the Parties to comply with the terms and provisions of the Settlement Agreement.

2.     Having found that, for settlement purposes only, each of the elements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied, the Court permanently certifies the Initial Class pursuant to Federal Rule of Civil Procedure 23 on behalf of the following persons:

> All Gogo Customers who, during the Initial Class Period, April 1, 2010 to December 31, 2012, subscribed to a Monthly Pass but only used the Gogo Service during the first month of their Subscription Period.

Having found that, for settlement purposes only, each of the elements of Rules 23(a) and 23(b)(3) are satisfied, the Court hereby permanently certifies the Supplemental Class pursuant to Rule 23 on behalf of the following persons:

> All Gogo Customers who, during the Supplemental Class Period, January 1, 2013 to March 31, 2015, subscribed to a Monthly Pass but only used the Gogo Service during the first month of their subscription.

Excluded from the Initial Class and from the Supplemental Class are all persons who timely and effectively opted out, as set forth in Exhibit A. The Court readopts and incorporates by reference the preliminary conclusions set forth in the Preliminary Approval Order with respect to whether both the Initial Class and the Supplemental Class satisfy Rules 23(a) and 23(b)(3). *See* Mem. & Orders, Dec. 4, 2015, ECF No. 109, at 19.

3.     For purposes of Settlement only, the Court certifies the Class Representatives as representatives of both the Initial Class and the Supplemental Class, and the Court appoints Class Counsel as counsel for both the Initial Class and the Supplemental Class. The Court concludes that the Class Representatives and Class Counsel have fairly and adequately represented the Class with respect to the Settlement and the Settlement Agreement.

4.     In accordance with the Settlement Agreement, Plaintiffs, the Settlement Class Members, and each of their respective successors, assigns, legatees, heirs, and personal

representatives, and all persons acting by, through, under, or on behalf of them ("Releasors"), shall and hereby do release, remise, and forever discharge Gogo and each of its respective direct or indirect parents, wholly or majority owned subsidiaries (including but not limited to those owned in whole or in part during some or all of the Class Period), affiliated and related entities, predecessors, successors and assigns, partners, privies, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under, or in concert with them, or any of them, from any and all of the Released Claims.

5. The Court permanently enjoins the Class Members and any other Releasor from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any other litigation in any State, territorial, or Federal court, or any arbitration or administrative, regulatory, or other proceeding in any jurisdiction, that asserts claims based on, or in any way related to, the Released Claims. In addition, the Court hereby permanently enjoins the Class Members and Releasors from asserting as a defense, including as a set-off or for any other purpose, any argument that if raised as an independent claim would be a Released Claim.

6. With respect to the Released Claims, Plaintiffs and all Class Members agree that they are expressly waiving and relinquishing to the fullest extent permitted by law the provisions, rights, and benefits conferred by (a) Section 1542 of the California Civil Code, *viz.*:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

and (b) any law of any State of the United States, Federal law, or principle of common law, that is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

7. The attorneys at Reese LLP who prosecuted this case are skilled and experienced class action consumer protection lawyers. The Court grants Plaintiffs' request for an award of attorneys' fees and reimbursement of litigation expenses and awards Class Counsel $750,000 in attorneys' fees and expenses, which represents approximately 20% of the total amount available to the Class Members under the Settlement and is less than Class Counsel's lodestar. The fee award is justified by the work that Class Counsel did negotiating the Settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims.

8. The Court finds reasonable the service payments for the Class Representatives in the amount of $2,500 each for named Plaintiffs Adam Berkson, Kerry Welsh, and Kathy LePenske, in recognition of the services they rendered on behalf of the Class, as well as the risks and adverse consequences they potentially faced as a result. The Court awards the service awards to the Class Representatives.

9. The Court orders that the Action and all claims alleged therein are dismissed with prejudice.

10. Neither this Final Judgment, the Preliminary Approval Order, the Settlement Agreement, or any and all negotiations, documents and discussions associated therewith shall be deemed or construed to be an admission or evidence of any violation of statute or law, of any liability or wrongdoing by Defendants or of the truth of any of the claims or allegations made by Plaintiffs in any pleading or other document filed in this action.

11. In the event the Settlement Agreement is terminated in accordance with paragraph 5.6 of the Settlement Agreement, then (i) the Final Judgment and all of its provisions, as applicable, will be vacated, including, but not limited to, vacating conditional certification of the

Class, appointment of the Named Plaintiffs as class representatives and appointment of Reese LLP as Class Counsel, (ii) the Action will revert to the status that existed before the Settlement Agreement's execution date, (iii) no term or draft of the Settlement Agreement, or any part of the Parties' settlement discussions, negotiations or documentation may be construed as an admission or be admissible into evidence for any purpose in the Action or any other proceeding, and (iv) Defendants shall retain all their rights to object to the maintenance of the Action as a class action.

12. Without in any way affecting the finality of this Final Order and Judgment, this Court retains jurisdiction as to all matters relating to (a) the interpretation, administration, and consummation of the Settlement Agreement and (b) the enforcement of the injunctions that paragraph 5 of this Final Order and Judgment impose.

SO ORDERED.

*/s/ Jack B. Weinstein*
Jack B. Weinstein
Senior United States District Judge

Dated: April 5, 2016
       Brooklyn, New York

## **EXHIBIT A**

Below is the name of the one person who has timely and effectively excluded himself from the Class and the Settlement in *Berkson v. Gogo LLC*, No. 14-CV-1199:

- Robert Joseph Barton, *rjoebarton@aol.com*